FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
AUG 3 0 2017
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:17-00104 |
| v. | 21 U.S.C. § 841(a)(1) <br> 21 U.S.C. § 846 |
| [1] PASCAL PASHA <br>   a.k.a. "Pinky" <br> [2] TODD WHITE <br> [3] DANIEL DEMORE <br>   a.k.a. "D" <br>   a.k.a. "Daniel D" <br> [4] LIAM GLENN <br> [5] JASON WHITE <br>   a.k.a. "Whitey" <br> [6] WILLIAM RYAN MACINTYRE <br> [7] CHARLES HENDERSON <br> [8] AUTUMN SWINDLE <br> [9] DAKOTA BOYLES <br> [10] CHARVEL ROBERSON | |

# FIRST SUPERSEDING INDICTMENT

### COUNT ONE

THE GRAND JURY CHARGES:

Beginning not later than on or about December 1, 2015, the exact date being unknown to the Grand Jury, through on or about May 31, 2017, in the Middle District of Tennessee and elsewhere, **[1] PASCAL PASHA, a.k.a. "Pinky," [2] TODD WHITE, [3] DANIEL DEMORE, a.k.a. "D," a.k.a. "Daniel D," [4] LIAM GLENN, [5] JASON WHITE, a.k.a. "Whitey," [6] WILLIAM RYAN MACINTYRE, [7] CHARLES HENDERSON, [8] AUTUMN SWINDLE, [9] DAKOTA BOYLES, and [10] CHARVEL ROBERSON** did combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand

Jury, to knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

On or about March 10, 2017, in the Middle District of Tennessee, **[4] LIAM GLENN, [7] CHARLES HENDERSON, and [10] CHARVEL ROBERSON** did knowingly and intentionally distribute and possess with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(l).

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

On or about March 16, 2017, in the Middle District of Tennessee, **[5] JASON WHITE, a.k.a. "Whitey,"** did knowingly and intentionally distribute and possess with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(l).

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

On or about April 11, 2017, in the Middle District of Tennessee, **[6] WILLIAM RYAN MACINTYRE** did knowingly and intentionally distribute and possess with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(l).

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

On or about March 14, 2017, in the Middle District of Tennessee, **[8] AUTUMN SWINDLE** did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(l).

## COUNT SIX

THE GRAND JURY FURTHER CHARGES:

On or about March 23, 2017, in the Middle District of Tennessee, **[8] AUTUMN SWINDLE** did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(l).

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES:

On or about March 28, 2017, in the Middle District of Tennessee, **[8] AUTUMN SWINDLE** did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(l).

## CRIMINAL FORFEITURE

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2. Upon conviction of any of the violations alleged in Counts 1-7 of this indictment, the defendants, **[1] PASCAL PASHA, a.k.a. "Pinky," [2] TODD WHITE, [3] DANIEL DEMORE, a.k.a. "D," a.k.a. "Daniel D," [4] LIAM GLENN, [5] JASON WHITE, a.k.a. "Whitey," [6] WILLIAM RYAN MACINTYRE, [7] CHARLES HENDERSON, [8] AUTUMN SWINDLE, [9] DAKOTA BOYLES, and [10] CHARVEL ROBERSON** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853:

   (A) any property constituting, or derived from, any proceeds which the defendants, **[1] PASCAL PASHA, a.k.a. "Pinky," [2] TODD WHITE, [3] DANIEL DEMORE, a.k.a. "D," a.k.a. "Daniel D," [4] LIAM GLENN, [5] JASON WHITE, a.k.a. "Whitey," [6] WILLIAM RYAN MACINTYRE, [7] CHARLES HENDERSON, [8] AUTUMN SWINDLE, [9] DAKOTA BOYLES, and [10] CHARVEL ROBERSON** obtained directly or indirectly as a result of said violation; and

(B) any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such violation,

including but not limited to a money judgment in an amount to be determined representing the proceeds of the offense, or the property used, or intend to be used, or to commit or facilitate the commission of the offense.

3. If any of the forfeitable property described above, as a result of any act or omission of the defendant(s),

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be divided without difficulty;

The United States shall be entitled to forfeiture of substitute property, and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of said property listed above as subject to forfeiture.

A TRUE BILL:

_____
GRAND JURY FOREPERSON

_____
JACK SMITH
ACTING UNITED STATES ATTORNEY

_____
AMANDA J. KLOPF
ASSISTANT UNITED STATES ATTORNEY