IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:17-CR-00104-5 |
| v. | ) | |
| | ) | Chief Judge Crenshaw |
| JASON WHITE | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States, through Donald Q. Cochran, United States Attorney for the Middle District of Tennessee and Assistant United States Attorney Amanda J. Klopf hereby files this sentencing memorandum in anticipation of defendant Jason White's upcoming sentencing hearing, currently scheduled for Tuesday, October 30, 2018, at 4:00 p.m.

**A. Presentence Investigation Report**

The PSR, dated August 21, 2018, and supplemented on October 24, 2018, correctly calculates a total offense level of 31 and a Criminal History Category of VI, which places the defendant in the advisory Guidelines custodial range of 188 to 235 months. (PSR ¶¶ 23, 43, 86.)

**B. Sentencing Factors**

Pursuant to 18 U.S.C. §3553(a), a court shall consider the following factors, among others, when sentencing a defendant: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to afford adequate deterrence to criminal conduct; and the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. §3553(a)(1), (2)(A)-(C).

1

1. <u>Nature, Circumstances and Seriousness of the Offense</u>

Beginning not later than on or about December 1, 2015, through on or about May 31, 2017, in the Middle District of Tennessee and elsewhere, Jason White, a.k.a. "Whitey," did combine, conspire, confederate, and agree with others to knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

On or about March 16, 2017, in the Middle District of Tennessee, Jason White, a.k.a. "Whitey," did knowingly and intentionally distribute and possess with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

More specifically, In January 2017, the defendant made a series of recorded jail calls in which he spoke with a co-conspirator and discussed the distribution of methamphetamine. For example, the defendant said, "we've got the only ice cream truck in the city." The co-conspirators frequently referenced "ice" or "ice cream" as code for methamphetamine. The defendant and the co-conspirators also discussed distribution of methamphetamine.

On February 8, 2017, the defendant participated in an interview with Agents in the parking lot of his apartment. The defendant acknowledged his involvement in drug distribution in the Nashville area.

On March 16, 2017, Metropolitan Nashville Police Department (MNPD) Detectives conducted a controlled buy from the defendant. For $440, MNPD purchased 13.9 grams of a mixture or substance of methamphetamine, which testing determined was 99% pure, resulting in

13.76 grams of pure methamphetamine. Following the controlled buy, MNPD executed a search warrant at the hotel room rented by the defendant where the controlled buy took place. Inside of the safe inside the room, agents found $1,500 and 693 grams of a mixture or substance of methamphetamine, which testing determined was 69% pure, resulting in 478 grams of pure methamphetamine. The defendant had an additional $3,501 on his person. Agents also found 4.37 grams of a mixture and substance that contained furanyl fentanyl, heroin, fentanyl, and other controlled substances. Agents also found various items of drug paraphernalia including digital scales and boxes of plastic baggies. MNPD reviewed the currency, and determined that some of the money found in the hotel room was from the controlled buy earlier in the day.

MNPD read the defendant his *Miranda* warnings, which he waived. The defendant said that the methamphetamine found in the safe belonged to him, and that he had four separate methamphetamine sales earlier in the day totaling approximately 1 pound. He said that his source of supply had fronted him approximately 2.5 pounds of methamphetamine.

The defendant was arrested by MNPD again on March 29, 2017 for possession of a distribution quantity of methamphetamine following the execution of a search warrant. During the course of the search warrant, MNPD found 339 grams of a mixture or substance of methamphetamine, which testing determined was 99% pure, resulting in 335 grams of pure methamphetamine. This methamphetamine was supplied by the defendant.

A very conservative estimate of the defendant's distribution of methamphetamine is 1/2 kilogram of methamphetamine per week, or 26 kilograms of a mixture or substance containing methamphetamine over the course of a year of distribution.

2. History and Characteristics of Defendant

The defendant is 39 years old. As detailed in the PSR, he has a significant criminal history resulting from convictions for robbery, multiple assaults, attempt to commit aggravated sexual battery, violating sex offender supervision, and simple possession. (PSR ¶¶ 25-43.)

The defendant obtained his high school equivalency degree. (PSR ¶ 77-79). He has never married. He has three children. (PSR ¶ 63.) The defendant was raised by his mother and stepfather, and his stepfather was physically abusive to the defendant and his mother. (PSR ¶ 60). The defendant has a history of substance abuse. (PSR ¶¶ 74-76.) He also has a history of mental health issues. (PSR ¶¶ 67-73).

3. Seriousness of the Offense and Deterrence

The offense of conviction is a serious drug offense. As this Court is aware, methamphetamine addiction and the illegal distribution of methamphetamine are significant problems in this District. Drug trafficking is an inherently dangerous business. White was a significant source of supply of methamphetamine in the Middle District of Tennessee, amounting to 26 kilograms of a mixture or substance containing methamphetamine over the course of a year of distribution.

4. The Need to Avoid Unwarranted Sentence Disparity

The parties' agreed sentence of 189 months adequately takes into consideration his guidelines' range and cooperation, and will adequately reflect the need for punishment and deterrence. 189 months falls within the defendant's guidelines. Here, the sentencing guidelines accurately reflect the defendant's level of culpability. Therefore, a downward departure or a variance would be inappropriate. In these circumstances, a sentence consistent with the

4

guidelines ensures no unwanted sentencing disparities, while giving appropriate consideration to the defendant's personal characteristics.

### C. Conclusion

For all of the reasons set forth above, and in order to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and due to the nature and characteristics of the defendant, and the need to protect the public from future harm by the defendant, the United States respectfully submits that the 11(c)(1)(C) agreement reached by the parties is appropriate in this case. Accordingly, pursuant to 18 U.S.C. §3553(a), the Government asks this Court to sentence defendant Jason White to a term of imprisonment of 189 months and five years of supervised release.

Respectfully submitted,

Donald Q. Cochran
United States Attorney
Middle District of Tennessee

/s/ Amanda J. Klopf
Amanda J. Klopf
Assistant United States Attorney
110 9th Avenue South-Suite A-961
Nashville, Tennessee 37203
Telephone: (615) 736-5151

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2018, I electronically served one copy of the United States Sentencing Position with the Clerk of the Court by using the CM/ECF system, which will notify counsel for all defendants.

/s/ Amanda J. Klopf
Amanda J. Klopf
Assistant United States Attorney

5